

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,264-03

### EX PARTE ANTWAIN JAMAR TUTSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 066888-02-E-WR IN THE 108TH DISTRICT COURT
### FROM POTTER COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to thirteen years' imprisonment.

Applicant contends that he was denied timely notice that the trial court entered a judgment *nunc pro tunc* on March 11, 2015. He wants this Court to grant him an out-of-time appeal. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court has determined that Applicant was denied timely notice of the *nunc pro tunc* judgment and the opportunity to appeal it. We find that Applicant is entitled to the opportunity to

file an out-of-time appeal of the judgment *nunc pro tunc* entered on March 11, 2015, in cause number 66,888-E in the 108th District Court of Potter County. His appeal is limited only to the entry of the judgment *nunc pro tunc*. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal of the entry of the judgment *nunc pro tunc*. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent him on appeal. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: December 19, 2018
Do not publish